UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROSEANN SAMARO ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 14-0596 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for social security disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are recited in the Joint Stipulation. [See JS 2]. Plaintiff filed an application for disability insurance benefits on March 4, 2011, alleging that she had been disabled since February 25, 2010, the date she sustained a work-related injury. [Administrative Record ("AR") 10, 12]. Plaintiff's application was denied initially and upon reconsideration. [JS 2; AR 10, 63-66, 70-75]. Plaintiff requested an administrative hearing, which was conducted before an administrative law judge (the "ALJ") on September 25, 2012. [AR 10, 20, 76]. Plaintiff, who was represented by an attorney, testified on her own behalf. [AR

1  10]. Testimony was also received from vocational expert, Jack M. Dymond. [AR 10].

2  In a written decision dated November 9, 2012, the ALJ found that plaintiff had the following severe
3  impairments:

4  Degenerative disc disease of the cervical spine and lumbar spine; cervical and lumbar
5  radiculopathy; lumbsosacral strain; left elbow lateral epicondylitis; chronic periscapular
6  strain in the left shoulder; history of laceration of the flexor digitorum profundus of the left
7  little finger; mild bilateral ulnar motor demyelinating neuropathies at the wrists with early
8  sensory axon[a]l loss on the left; left carpal tunnel syndrome; right knee bursitis with radial
9  tear of the lateral meniscus and linear intrasubstance mucoid degeneration with the anterior
10 horn of the lateral meniscus and posterior horn of the medial meniscus; synovial cyst to the
11 first metacarpal trapezium joint on the right; and depression and insomnia secondary to
12 chronic pain disorder.

13 [AR 12].

14 The ALJ concluded that plaintiff was not disabled prior to November 9, 2012, because she retained
15 the residual functional capacity ("RFC") to perform her past relevant work as a pricer/garment sorter and
16 as a housekeeper. Alternatively, the ALJ found that plaintiff's RFC did not preclude her from performing
17 alternative jobs available in significant numbers in the national economy. [JS 2; AR 14, 18-20]. The Appeals
18 Council denied plaintiff's request for review. [JS 2; AR 1-3].

19                                                    **Standard of Review**

20 The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial
21 evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.
22 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than
23 a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.
24 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
25 Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is
26 required to review the record as a whole and to consider evidence detracting from the decision as well as
27 evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006);
28 Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Statement of Disputed Issues**

The only disputed issue is whether the ALJ made a properly supported credibility finding. [JS 2, 3-16].

**Discussion**

**Credibility finding**

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons supporting his negative credibility finding. [JS 3-12].

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of the claimant's subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Absent affirmative evidence of malingering, the ALJ must then provide specific, clear and convincing reasons for rejecting a claimant's subjective complaints. Vasquez v. Astrue, 547 F.3d 1101, 1105 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160-1161 (9th Cir. 2008); Moisa, 367 F.3d at 885. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness, and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other

measures used by the claimant to relieve pain or other symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as: (8) the claimant's reputation for truthfulness; (9) inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's subjective symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the claimant's symptoms. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Because there was no evidence of malingering, the ALJ was required to articulate specific, clear, and convincing reasons to support his negative credibility finding.

In his hearing decision, the ALJ summarized plaintiff's testimony as follows[1]:

> [Plaintiff] testified she last worked in 2010. She stated she had not applied for work since then. The [plaintiff] alleged she was unable to work because of pain in her low back, left shoulder, left wrist, and right knee. She reported she was unable to bend her knee. She stated she had pain when holding or grabbing onto things. She also stated she had difficulty lifting objects. [Plaintiff] alleged she could stand and/or walk for 10 to 15 minutes. She testified her daughter and a friend did the household chores. [Plaintiff] reported she was treated with injections to her low back, neck, and shoulders; physical therapy; and used a prescribed cane. Regarding her alleged mental symptoms, [plaintiff] testified anxiety and depression caused mood swings. She stated pain affected her mood. She alleged difficulty preparing meals, grooming, and dressing because of her alleged mental impairments.[Plaintiff] testified she lived with her daughter and grandchildren in an upstairs apartment. She admitted she climbed one flight of stairs to get to her apartment. [Plaintiff] acknowledged she drove a couple times a week to take her grandson to school or to doctors' appointments. She

---

[1] Plaintiff stipulated that the ALJ fairly and accurately summarized the medical and non-medical evidence of record, except as specifically stated in her portion of the joint stipulation. [See JS 2]. Plaintiff did not take issue with the ALJ's summary of her testimony. [See JS 2-12].

indicated she spent much of her day watching television. [AR 14-15].

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not fully credible. [AR 15]. Specifically, the ALJ found that plaintiff retained the RFC to perform light work consisting of "simple, routine and repetitive tasks in a work environment free of fast-paced production requirements." [AR 14]. The ALJ also found that plaintiff: (1) "can occasionally push and/or pull with the right lower extremity" but is precluded from "[using] the right lower extremity for operation of foot control;" and (2) "can use the left upper extremity for occasional overhead reaching" but is precluded from "[using] the left hand for frequent handling and fingering." [AR 14].

The ALJ articulated two reasons for rejecting the alleged severity of plaintiff's subjective complaints. First, the ALJ found that "[t]he degree of self-asserted limitations is not supported by the objective medical evidence, which indicates an attempt by the claimant to exaggerate the severity of her symptoms." [AR 15]. Although the ALJ is not prohibited from considering the presence or absence of objective evidence corroborating the alleged severity of plaintiff's subjective complaints, the ALJ may not "reject a claimant's subjective complaints *based solely* on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 343 (emphasis added). The absence of medical findings to support the degree of severity alleged "is just one factor to be considered in evaluating the credibility of the testimony and complaints." Bunnell, 947 F.2d at 345 (citation omitted); see Moisa, 367 F.3d at 885 (holding that the ALJ committed "clear error" where he rejected the claimant's subjective testimony solely for lack of objective medical evidence corroborating it, cited no evidence of malingering, "and made no findings that would allow us to conclude that he rejected the testimony on permissible grounds such as a reputation for dishonesty, conflicts between the claimant's testimony and his conduct, or internal contradictions in the testimony").

Second, the ALJ found that plaintiff's subjective complaints were inconsistent with her reported daily activities. [AR 15]. The ALJ noted that during the hearing, plaintiff "admitted she drove a couple times a week to take her grandson to school" and "admitted she was able to walk up a flight of stairs to her

apartment." [AR 15]. The ALJ concluded that plaintiff's "admitted activities" were "within the [RFC] found" in his decision, and that plaintiff "attempted to minimize her daily activities when she reported she watched television most of the day, did not do any household chores, and had difficulty preparing meals and grooming." [AR 15].

The Ninth Circuit has observed that "if a claimant 'is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (quoting Morgan, 169 F.3d at 600). The ALJ made no effort to explain how merely driving a couple of times a week or walking up a flight of stairs demonstrated that plaintiff spent a substantial part of her day engaged in activities that were transferable to a work setting. See Fair, 885 F.2d at 603 ("Many home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Evidence that a disability claimant can perform limited routine activities like driving or walking short distances is not the functional equivalent of working. See Vertigan, 260 F.3d at 1049-1050 (holding that the ALJ erred in relying on the claimant's testimony that she was able to go grocery shopping with assistance, walk approximately an hour in the mall, socialize, play cards, swim, watch television, read, and exercise at home because those activities did not "consume a substantial part of" her day, and explaining that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled.").

Moreover, plaintiff's "admitted activities" are not materially inconsistent with her subjective complaints and limitations. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity were inconsistent with [claimant's] claimed limitations would these activities have any bearing on [claimant's] credibility."). Plaintiff's ability to drive a couple times a week and walk up a flight of stairs to get to her apartment is not materially inconsistent with her subjective allegations of pain in her lower back, left shoulder, left wrist, and right knee that she described in her testimony. See Garrison v. Colvin, 759 F.3d 995, 1015-1016 (9th Cir. 2014) (noting that "[w]e have repeatedly warned that ALJ's must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments

that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day," and holding that the ALJ erred in concluding that the plaintiff's reported daily activities, which "included talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter" were inconsistent with her statements about her pain). Accordingly, plaintiff's daily activities do not provide a clear, convincing, and specific reason to discredit her subjective testimony.

The Commissioner argues that the ALJ noted evidence of "symptom exaggeration" based on a finding in an April 2010 psychological examination report[2] that plaintiff obtained after being referred by a treating physician as part of a worker's compensation case.[3] The Commissioner points to the report's finding that plaintiff's "very low" defensiveness score on the BBHI 2 indicates a "strong bias" that "raises questions about the accuracy and objectivity of [plaintiff's] self-reports." [JS 15]. The Commissioner also contends that an inconsistency exists between plaintiff's testimony regarding her use of a cane and other evidence in the record. [JS 15].

The Commissioner's argument is misguided. The ALJ mentioned that the report diagnosed plaintiff "with pain disorder associated with both psychological factors and general medical condition," but the ALJ did not cite that report to support his credibility finding. [See AR 15, 17]. It is well-established that this court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009); see Burrell v. Colvin, 775 F.3d 1133, 1137-1140 (9th Cir. 2014) (rejecting the Commissioner's argument that there were inconsistencies

---

[2] The finding that the Commissioner refers to was part of the "Brief Battery For Health Improvement 2" ("BBHI 2"), a "63-item, self report, multiple-choice instrument . . . developed to assess medical patients who may be experiencing problems with pain, functioning, somatization, depression, anxiety or other factors pertinent to rehabilitation and recovery. It provides an informative portrait of the patient's symptoms and the psychosocial context in which they occur as well as appropriate treatment recommendations to treating clinicians." [AR 359].

[3] Although workers' compensation disability ratings are not controlling in Social Security cases, an ALJ must nevertheless determine what inferences may "logically [flow] from the evidence." Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002).

between the claimant's hearing testimony and her reported daily activities because "the ALJ did not identify those inconsistencies . . . . We are constrained to review the reasons the ALJ asserts. Our decisions make clear that we may not take a general finding—an unspecified conflict between [the claimant's] testimony about daily activities and her reports to doctors—and comb the administrative record to find specific conflicts."); see generally Treichler v. Colvin, 775 F.3d 1090, 1103 (9th Cir. 2014) ("The ALJ must identify the testimony that was not credible, and specify 'what evidence undermines' the claimant's complaints.'") (quoting Reddick, 157 F.3d at 722).

Furthermore, the cited statement is not affirmative evidence of symptom exaggeration or malingering.[4] Although it raises a question about "the accuracy and objectivity of" plaintiff's self reports, the examination report also says that plaintiff's "lowering of defenses could be seen as part of a cry for help or a desire to convince others of the seriousness of [her] current plight." [See AR 359]. The negative inference the Commissioner seeks to draw from the BBHI 2 defensive score also is unwarranted based on the report as a whole, which includes the following findings and conclusions: (1) plaintiff had "very high" diffuse somatic complaints and "moderately high" pain complaints [AR 359]; (2) plaintiff perceived her peak pain level to be "disabling" and even her lowest pain level in the prior month to be "intolerable" [AR 359]; (3) the test results provided "valid and interpretable data supporting [plaintiff's] reported mental and physical distress" [AR 362]; and (4) plaintiff had high levels of depression, anxiety, and other emotional symptoms that may have interfered with her ability to cope with and recover from her physical problems. [AR 362-365]. See Longmore v. Astrue 783 F. Supp. 2d 1130, 1134 (D. Or. 2011) (stating that "a finding of suggested malingering is proper for consideration," provided that the ALJ "consider[s] the entire case record in determining a claimant's credibility"); Richardson v. Astrue, 2011 WL 3273255, at *7 (W.D. Wash. July 28, 2011) (noting that while "no actual diagnosis of malingering is required for the ALJ or the Court to find affirmative evidence" of malingering, "the important point is that there must be *affirmative evidence* of malingering") (emphasis in original) (citing Carmickle, 533 F.3d at 1160 n.1).

---

[4] Malingering is defined as the "intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as avoiding military duty, avoiding work, obtaining financial compensation, evading criminal prosecution, or obtaining drugs." United States v. Wilbourn, 336 F.3d 558, 559 (7th Cir. 2003) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 739 (rev. 4th ed. 2000)).

1         The Commissioner's argument that there is inconsistency in the record regarding plaintiff's use of
2  a cane similarly fails because the ALJ did not rely on any such inconsistency to support his credibility
3  finding. [See AR 15]. During the hearing, plaintiff testified that she had been issued a cane by two different
4  treating sources after on-the-job injury in February 2010, and that she used a cane "everywhere," including
5  doctor's visits. [AR 32-33, 35]. The ALJ asked plaintiff about a June 2011 consultative examination report
6  noting that plaintiff had a normal gait, did not use an assistive device to ambulate, and had no difficulty
7  getting on and off the examination table. [AR 33]. Plaintiff responded: "I had all these problems that I'm
8  having now. It was the same then. And I went with my cane. I know that I had difficulty getting on and
9  off the table." [AR 33-34]. Other evidence in the record indicates that plaintiff at times exhibited
10 abnormalities in her gait and walking and used a cane. [E.g., AR 141, 192, 202, 212, 373, 376, 469]. In his
11 hearing decision, the ALJ noted the June 2011 consultative examiner's findings [AR 16], but since the ALJ
12 did not find that any inconsistency was material or cite it as a reason to discredit plaintiff's subjective
13 testimony, the Commissioner's contention lacks merit.

14        For the foregoing reasons, the ALJ erred in failing to articulate clear and convincing reasons
15 supporting his credibility finding.

**Remedy**

17        The choice whether to reverse and remand for further administrative proceedings, or to reverse and
18 simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th
19 Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of
20 benefits is discretionary and subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000).
21 The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the
22 agency for additional investigation or explanation." Moisa , 367 F.3d at 886 (quoting INS v. Ventura, 537
23 U.S. 12, 16 (2002) (per curiam)). A district court, however,

24        Should credit evidence that was rejected during the administrative process and remand for
25        an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for
26        rejecting the evidence; (2) there are no outstanding issues that must be resolved before a
27        determination of disability can be made; and (3) it is clear from the record that the ALJ
28        would be required to find the claimant disabled were such evidence credited.

9

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

In this case, plaintiff's requested relief in the form of a remand for further administrative proceedings is appropriate. [See JS 16].  The ALJ did not articulate legally sufficient reasons for rejecting plaintiff's subjective testimony, but outstanding issues remain to be resolved because it is not clear that the ALJ would be required to award benefits if plaintiff's subjective testimony is credited.  On remand, the Commissioner is directed to credit plaintiff's subjective testimony as true, develop the record as necessary regarding plaintiff ability to work with her subjective symptoms and limitations, and issue a new hearing decision containing appropriate findings.

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and is not free of legal error. Accordingly, the Commissioner's decision is **reversed** and the case is **remanded** for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED**

May 19, 2015

_____
ANDREW J. WISTRICH
United States Magistrate Judge